UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERT V. VITOLO, M.D.,

                          Plaintiff,        **ORDER**

      - v -

                                   CV-98-2837 (SLT)(VVP)

MENTOR CORP.,
                          Defendant.
-------------------------------------------------------------x

       The parties have submitted letters identifying the open items of discovery about which disputes remain. The court rules on those matters below:

*Plaintiff's Requests*

       1.     <u>Testimony of Two Former Employees</u>. The defendant shall produce for inspection and copying the transcripts of the testimony of former employees Karjanis and Fain in the Missouri litigation. Although the testimony appears to be about silicone implants and not the saline implants involved in this action, because it involves rupture of the defendant's products – a central issue in this action – that testimony is reasonably calculated to lead to admissible evidence.

       2.     <u>Dr. Vitolo File</u>. The file pertaining to Dr. Vitolo compiled at the direction of Mentor's counsel constitutes work-product and need not be disclosed.

       3.     <u>Pre-Suit Communications with Legal Department</u>. The attorney-client privilege applies to communications between employees and in-house counsel when undertaken for the purpose of seeking legal advice. *E.g., In re Grand Jury Proceedings*, No. M-11-189, 2001 WL 1167497 (S.D.N.Y. Oct. 3, 2001); *Welland v. Trainer*, No. 00 Civ. 0738, 2001 WL 1154666 (S.D.N.Y. Oct. 1, 2001); *Ames v. Black Entertainment Television*, No. 98 Civ. 0226, 1998 WL 812051 (S.D.N.Y. Nov. 18, 1998); *United States Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994). As the plaintiff has provided no information that suggests the privilege is not properly asserted here, the defendant need not disclose the withheld documents. (The court assumes a privilege

log reflecting documents withheld on the basis of privilege was prepared and produced during discovery.  *See* Local Civil Rule 26.2.)

4. <u>Non-Redacted Versions of Documents</u>.  The defendant's redaction of patient names is appropriate.

5. <u>Outstanding Interrogatory Responses</u>.  The information concerning complaints supplied by the defendant in response to the plaintiff's interrogatory appears to be sufficient since it provides the plaintiff with business records from which the information can be ascertained and the burden of deriving the information is substantially the same for the plaintiff as it is for the defendant.  *See* Fed. R. Civ. P. 33(d).  Accordingly, no further response is necessary.  As to the interrogatory regarding sales volume, the defendant shall serve a supplemental response which provides the following information for the period from 1993 to 1995:  (i) total number of units of MLV sold; (ii) total number of units of MLV returned for any reason; (iii) total number of units of MLF reported to have deflated.

6. <u>Communications with Dr. Vitolo</u>.  The defendant shall produce for inspection and copying at the offices of the defendant's counsel in New York City, any document of which the defendant's counsel is specifically aware (other than documents that qualify as work product), that constitutes or reflects a communication by the defendant to Dr. Vitolo.

*Defendant's Requests*

1. <u>Damages</u>.  The plaintiff shall supply a schedule which provides the following information with respect to each patient who allegedly received a defective implant: (i) each item of damages sought (i.e., free surgery, free consultations, out-of-pocket expenditures, etc.), (ii) the amount of damages sought for each item, and (iii) an explanation for how each amount has been calculated.  The plaintiff shall also separately provide an itemization of any other damages that he seeks with an explanation of how each item has been calculated.  In view of the plaintiff's decision

not to seek damages for lost income or for lost reputation, production of tax returns is not required.  The plaintiff is of course precluded from introducing testimony or other evidence suggesting that his income declined because of the use of the defendant's device.

2.      <u>The Actuarial Study</u>.   The plaintiff has made an unambiguous statement that the study cannot be located at present and that it will be produced, if and when found, subject to any privilege that may apply.   In view of those undertakings, to which the plaintiff will be held, no action by the court is necessary.

3.      <u>Diaries, Calendars, Journals</u>.  The plaintiff shall produce for inspection and copying any diary, calendar or journal entries concerning meetings or conversations with the defendant, including its officers, employees and agents.  The documents containing such entries may be redacted to eliminate material not responsive to the request.

4.      <u>Interrogatories Concerning Fraud</u>.   The plaintiff shall (i) amplify item 10 of the response to interrogatory 18 by specifying the knowingly false and fraudulent information contained in the defendant's analysis of returned implants and (ii) shall supplement the response to interrogatory 21 by specifically identifying each Mentor document which contained false or fraudulent statements upon which the plaintiff relied, including a specification of each false or fraudulent statement in each such document upon which the plaintiff relied, unless the substance of the statement is otherwise identified as false or fraudulent in the plaintiff's response to interrogatory 18.   The responses to interrogatories 18 to 23 otherwise provide sufficient information about the nature of the plaintiff's fraud claims and the false and fraudulent statements made by the defendant and need not be further amplified.

All information ordered to be provided above shall be produced within 30 days. Factual discovery is now closed.

**SO ORDERED:**

 Viktor V. Pohorelsky 

VIKTOR V. POHORELSKY
                                        United States Magistrate Judge

Dated:      Brooklyn, New York
            June 21, 2005